UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASHLEY LENIUS,

        *Plaintiff*,

v.

UNITED STATES OF AMERICA,

        *Defendant*.

CASE NO. 2:18-cv-01829-BJR

ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff Ashley Lenius brings this complaint under the Federal Tort Claims Act ("FTCA"), alleging that she is entitled to money damages as compensation for the negligence of U.S. Marine Corps employee Thomas Bell. *See* Compl., Dkt. No. 1-1 at ¶¶ 3.1, 4. Currently before the court is Defendant United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. No. 5 at 1-2. The United States argues that Plaintiff's claim is barred because it was not properly presented to the appropriate agency as required by 28 U.S.C. § 2675(a) and that equitable relief is not appropriate. *See* Dkt. No. 14 at 2, 5. Having reviewed the motion, the opposition thereto, the record of this case, and the relevant legal authorities, the Court grants the motion to dismiss.

## II. BACKGROUND

On December 17, 2015, Staff Sergeant Thomas Bell, an on-duty recruiter for the U.S. Marine Corps, was driving on a city street in Kent, Washington. Dkt. No. 13 at 2, 17. Plaintiff alleges that Bell sideswiped her vehicle as he attempted to change into a lane in which she was established. Compl., Dkt. No. 1-1 at ¶ 2.1. Police were called to the scene and wrote a police report charging Bell with improper lane usage. Dkt. 13, Ex. 2. at 17. Plaintiff claims that she was injured in the accident and that her car was totaled. *Id.* at 3.

A month after the collision, Plaintiff, through counsel, sent a cover letter attaching a Standard Form 95 ["Claim for Damage, Injury, or Death"] ("SF 95") and police report by First Class Mail to the address of the Armed Forces Career Center where Bell was employed. Dkt. No. 13 at 2-3. The United States asserts that this was the improper location for the SF 95 to have been mailed and that it should have gone to the Marine Corps or the Department of the Navy. Dkt. No. 14 at 2.

Plaintiff alleges that no federal agency ever responded, and the U.S. Postal Service never returned her claim. Because 18 C.F.R. § 14.2(a) requires that a claim served on an incorrect federal agency should be transferred to the appropriate agency, the Head of the Tort Claims Branch for the Department of the Navy, Randall Russell, caused a search to be made of the records maintained in the Office of the Judge Advocate General of the Navy and the Tort Claims Unit in Norfolk, Virginia, the locations to where the SF 95 should have been mailed. Russell submitted a declaration that he failed to find Plaintiff's FTCA claim at those locations. Dkt. No. 6 at 1-2.[1]

---

[1] The affidavit made by Randall Russell is unclear as to whether a search was made of the Armed Forces Career Center, the address where Plaintiff alleges she sent her claim.

2

Plaintiff filed the instant action nearly three years after allegedly mailing her claim. Compl., Dkt. No. 1-1. Plaintiff claims that she in entitled to relief under the FTCA, alleging that Bell was negligent when he caused the accident. She seeks damages for personal injuries, medical special damages, pain and suffering, and other damages, past, present, and future, in amounts to be proven at the time of trial. Compl., Dkt. No. 1-1 at ¶ 3.1.

The United States now moves to dismiss this case pursuant to Rule 12(b)(1), arguing that Plaintiff never presented an administrative claim to the appropriate agency and, thus, failed to exhaust her administrative remedies before suit. Dkt. No. 5.

### III. LEGAL STANDARDS

**A. Rule 12(b)(1) motion to dismiss standard**

In this Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.[2] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004). In this 12(b)(1), The United States challenges the contention that the appropriate agency was presented with Plaintiff's claim.

In resolving such a challenge, the Court may review evidence beyond the complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). The court "need not presume the truthfulness of plaintiff's allegations." *Id.* at 1039 n.2. The plaintiff bears the burden of proving by a "preponderance of the evidence" that the requirements for subject matter

---

[2] There is some disagreement as to whether the requirements of Section 2675(a) are jurisdictional, and thus dismissible here under Rule 12(b)(1), or nonjurisdictional, which would be more appropriate as a Rule 12(b)(6) motion. Several courts have found that Section 2675(a) is nonjurisdictional because it lacks a clear jurisdictional statement. *See e.g., Smoke Shop, LLC v. United States.*, 761 F.3d 779,787 (7th Cir. 2014); *Foster v. Federal Emergency Mgmt. Agency*, 128 F. Supp 3d 717, 718 n.1. (E.D.N.Y. 2015); *Prince v. Nat. Labor Relations Bd.*, No. 1:16-cv-419, 2017 WL 1424983, at *3 (S.D. Ohio Apr. 20, 2017); *Jackson v. Donahoe*, No. 1:15-cv-3, 2015 WL 1962939, at *1 (W.D. Mich. May 1, 2015). However, the Ninth Circuit has stated that Section 2675(a) "is tied by explicit statutory language to jurisdiction." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013). As such, the Court treats the requirements as jurisdictional and examines under the Rule 12(b)(1) standard.

3

jurisdiction have been met and must support her jurisdictional allegations with "competent proof." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

### B. The FTCA framework

Bell was an on-duty employee of the United States at the time of the accident. Dkt. No. 1-1 at ¶ 2. Since he was acting within the scope of his employment, the United States is a proper party pursuant to 28 U.S.C. 2679(d). As sovereign, the United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). The United States has waived its sovereign immunity for federal tort claims brought pursuant to the FTCA. 28 U.S.C. § 2679(b)(1).

The government's waiver of sovereign immunity, however, is conditioned on the claimant meeting the FTCA's statutory requirements, one of which is that a claim must be "presented" to the "appropriate Federal agency" and be "finally denied" by the agency within the two-year statute of limitations. 28 U.S.C. §§ 2401(b), 2675(a). A claim is "presented" to a federal agency when the agency receives from a claimant, or her legal representative, an executed SF 95 accompanied by a claim for money damages, the title or legal capacity of the person signing, and evidence of the signee's authority to present a claim on behalf of the claimant. 28 C.F.R. § 14.2(a). A claim is "finally denied" if an agency does not "make final disposition of a claim within six months after it is filed." 28 U.S.C. § 2675(a).

Moreover, the law requires that any waiver of the government's immunity should be construed strictly in favor of the government, and not "enlarge[d] . . . beyond what the language requires." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

## IV. DISCUSSION

**A. Plaintiff's claim was not presented to the appropriate agency**

The United States seeks to dismiss based on Plaintiff's failure to meet the statutory requirement that her FTCA claim be properly presented. 28 U.S.C. § 2675(a). Plaintiff, in turn, argues that she fulfilled the requirement because receipt of her claim should be assumed according to the Mailbox Rule, pursuant to Washington Rule of Civil Procedure 5(b)(2)(A) (adopting the common law Mailbox Rule that service by mail is "deemed complete upon the third day on which [the papers] are placed in the mail"). The Court finds that the government is correct.

Washington Rule of Civil Procedure 5(b)(2)(A) does not apply. The plain language of the applicable federal regulation makes clear that an FTCA claim is deemed presented upon receipt, not according to the Mailbox Rule. The applicable regulation, 28 C.F.R. § 14.2(b)(1), states that a claim is "presented . . . as of the date it is *received* by the appropriate agency." *Id.* The use of the word "received" shows that a claim was intended to be deemed presented upon receipt. Construing the waiver of immunity strictly in favor of the government, the Court will not enlarge the plain language of 28 C.F.R. § 14.2(b)(1) to find that an FTCA claim is presented according to the Mailbox Rule.

Furthermore, the Ninth Circuit has determined that, "put simply, it cannot be a strict construction of the waiver to read the word 'received' as actually meaning 'mailed.'" *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1251 (9th Cir. 2006) (rejecting an argument that the Mailbox Rule governed presentment and following applicable federal regulation in holding that presentment occurs upon receipt); *see also Bailey v. United States*, 642 F.2d 344, 347 (9th Cir.

5

2006) (affirming dismissal of FTCA claim where plaintiff did not send claim by certified mail, did nothing to verify that claim was received for eight months, and federal agency submitted affidavits that claim never received).

Therefore, since Plaintiff cannot prove that her claim was received and the government avers that it is unable to locate her claim, she has failed to demonstrate the requirement of presentment.

**B. Since Plaintiff cannot prove that her claim was received by any federal agency, it is irrelevant that her claim should have been transferred to the appropriate agency**

Plaintiff argues that, although her claim was mailed to the incorrect federal agency, her claim should be considered to have been constructively presented pursuant to 28 C.F.R. § 14.2(a) (stating that when a claim is presented to an incorrect federal agency, "that agency shall transfer it forthwith to the appropriate agency").

Plaintiff, however, has the burden of establishing that her claim was received in the first place, even before it could be transferred to the correct agency. *See Vacek*, 447 F.3d at 1251. Since she cannot prove that she presented her claim to any federal agency, the fact that her claim should have been transferred to the appropriate agency upon receipt pursuant to 28 C.F.R. § 14.2(a) is not an issue.

**C. Plaintiff's claim does not warrant equitable relief**

Finally, Plaintiff argues that equitable relief is appropriate, despite failing to satisfy the FTCA's jurisdictional requirements. Dkt. No. 13 at 8. Relief in equity, however, is inappropriate in this case.

The presentment requirement for an FTCA claim is jurisdictional and may not be waived. *See Brady v. United States.*, 211 F.3d 499, 502 (9th Cir. 2000). Therefore, equitable relief may not be applied against the government because "the government may not be equitably barred

from asserting jurisdictional requirements." *Burns v. United States*, 674 F.2d 722, 724 (9th Cir. 1977); *see also Vacek*, 447 F.3d at 1253 (explaining that equitable principles may not be applied to an FTCA claim that was mailed but not received by a federal agency).

Plaintiff cites for support *Molinar v. United States*, in which that Court allowed an FTCA claim to proceed despite the fact that the plaintiff submitted a SF 95 after the expiration of the two-year statute of limitations. 515 F.2d 246 (5th Cir. 1975). In that case, the plaintiff was involved in a car accident with a federal employee. *Id.* at 247. The plaintiff's attorney then mailed a letter to the General Services Administration ("GSA"), claiming injury and including the plaintiff's medical bills and car repair estimates, but failing to list a specified "sum certain," as required by 28 C.F.R. 14.2(a). *Id.* After receipt of the letter was acknowledged, it was forwarded between several agencies until, finally, the last recipient sent the plaintiff's attorney a SF 95 to complete. *Id.* at 249. Unfortunately for the plaintiff, the government did not actually send the request until less than thirty days before the termination of the statute of limitations.

In reviewing the claim, the Court held that the statute of limitations was tolled by the plaintiff's initial letter because the medical bills and car repair estimates attached to the plaintiff's letter in fact constituted a sum certain. *Id.* at 249. Importantly, the plaintiff had met all other jurisdictional prerequisites, including presentment. *Id.* at 248 (stating that regional GSA representative acknowledged receipt of letter before forwarding to appropriate agency). The present case is distinguishable. Unlike *Molinar*, Plaintiff failed to meet the jurisdictional requirement of presentment.

Even if the Court were to assume that equitable principles should apply, they are not warranted where Plaintiff mailed her claim to the incorrect agency and neglected to ensure that her claim was received for almost three years.

7

## V.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS the United States' motion to dismiss (Dkt. No. 5) and DISMISSES Plaintiff's complaint (Dkt. No. 1-1) with prejudice.

DATED this 19th day of July, 2019.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE